IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Deondre Montreal Russell, | ) | CASE NO.: 1:25-13465-JD-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM ORDER AND** |
| J. Burnett, | ) | **OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report")
of United States Magistrate Judge Shiva V. Hodges, recommending that Plaintiff's
Motion for Temporary Restraining Order (DE 28) and Motion for Preliminary
Injunction (DE 29) be denied. (DE 30.) In accordance with 28 U.S.C. § 636(b)(1) and
Local Civil Rule 73.02 (D.S.C.), the Court has reviewed the Report (DE 30), Plaintiff's
objection (DE 32), and the record in this matter.[1] Accordingly, this matter is ripe for
review.

## I.      BACKGROUND

The Report sets forth the matters relevant to Plaintiff's motions for injunctive
relief, which the Court incorporates herein by reference. A brief additional summary
is provided for context.

---

[1]      The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court. *See Mathews v. Weber*,
423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made. The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

**A.    Factual Background**

Plaintiff, proceeding *pro se*, is a federal inmate. In the Amended Complaint, Plaintiff alleges that on December 30, 2024, while housed at FCI Edgefield, Defendant J. Burnett used excessive force against him by strangling him and restricting his airway. (DE 9.) Plaintiff alleges he lost consciousness during the incident and later experienced pain in his neck, back, head, and wrist. Plaintiff further alleges that following the incident he was placed in the Special Housing Unit ("SHU"), denied adequate medical care, and subjected to retaliation after attempting to pursue administrative remedies and complaints concerning the incident. (*Id.*)

Plaintiff purports to assert claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his constitutional rights, including under the Fifth and Eighth Amendments. Plaintiff seeks monetary damages and other relief related to the alleged incident and subsequent confinement conditions.

In his motion for a temporary restraining order ("TRO"), Plaintiff alleges generally that the conduct underlying his complaint involved cruel and unusual punishment and requests emergency relief based on alleged threats to his safety. (DE 28.) In his motion for a preliminary injunction, Plaintiff alleges that when he attempts to pursue sensitive administrative remedies, he is placed in the SHU without recreation time and denied access to legal mail and the law library. (DE 29 at 1.) Plaintiff also alleges that his mail has been opened and copied and that he has not received his personal property. (*Id.* at 2.)

**B.     Procedural Posture and Record Considered**

Plaintiff initially filed this action in the United States District Court for the Eastern District of North Carolina on November 17, 2025. (DE 1.) The action was subsequently transferred to this District on November 19, 2025, based on venue considerations. (DE 3.)

After transfer, the Magistrate Judge issued a proper form order directing Plaintiff to bring the case into proper form. (DE 7.) Plaintiff thereafter filed an Amended Complaint naming Defendant J. Burnett, Medical Staff, and the Warden of FCI Edgefield as defendants. (DE 9.)

On December 30, 2025, the Magistrate Judge issued a Report and Recommendation recommending summary dismissal of Defendants Medical Staff and Warden of FCI Edgefield. (DE 13.) On February 18, 2026, this Court adopted the Report and Recommendation and dismissed those defendants from the action. (DE 25.) The case proceeded solely against Defendant Burnett, and service of process was authorized as to that defendant. (DE 22.) While the action remained pending, Plaintiff filed the instant Motion for Temporary Restraining Order (DE 28) and Motion for Preliminary Injunction (DE 29).

## II.     REPORT AND RECOMMENDATION

On March 11, 2026, the Magistrate Judge issued the Report recommending that Plaintiff's Motion for Temporary Restraining Order (DE 28) and Motion for Preliminary Injunction (DE 29) be denied. (DE 30.) The Report set forth the four-part standard for preliminary injunctive relief under *Winter v. Natural Resources Defense*

*Council, Inc.*, 555 U.S. 7 (2008), and concluded that Plaintiff failed to make the required showing.

With respect to the TRO motion, the Report noted that Plaintiff alleged cruel and unusual punishment, challenged matters related to the traffic stop underlying his criminal charges and conviction, and alleged that Defendant strangled him to silence him. (DE 30 at 1–2.) The Report further observed that Plaintiff failed to articulate the specific relief sought through a TRO and failed to provide an argument addressing the Winter factors, apart from a conclusory statement concerning public safety. (*Id.* at 3.)

With respect to the preliminary-injunction motion, the Report noted that Plaintiff alleged he was placed in the SHU when attempting to file sensitive administrative remedies. (*Id.*) The Report concluded that Plaintiff is no longer housed in the same facility as Defendant, failed to present facts showing a connection between the Amended Complaint and the allegations raised in the motion, and failed to address the Winter factors. Accordingly, the Magistrate Judge recommended that both motions be denied. (*Id.* at 4.)

### III.   LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4

4

(4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.    DISCUSSION

Plaintiff filed timely objections to the Report. (DE 32 at 1.) The Court has conducted a de novo review of those portions of the Report to which Plaintiff specifically objects and has reviewed the remainder of the Report for clear error. Plaintiff "ask[s] the Court to install[] ankle monitor and enroll petitioner in the intensive supervision appearance program." Further, he claims he "has no violence in his case and the merits in [his] claim are in his favor, video and staff witness." (*Id.*) He states he "has been placed on minozapone to stop [] nightmares from this attempt to murder." (*Id.*) Lastly, he asks "the Court to grant this TRO for up to 180 days . . . ." (*Id.*)

Upon de novo review, and liberally construing Plaintiff's filings in light of his pro se status, the Court agrees with the Magistrate Judge that Plaintiff has failed to demonstrate entitlement to the extraordinary remedy of preliminary injunctive relief.

The same substantive standard applies to Plaintiff's request for a temporary restraining order and his request for a preliminary injunction. Plaintiff's objections do not meaningfully address the *Winter* factors. Even construing the objections as clarifying that Plaintiff seeks alternative custodial supervision, temporary protective relief, or transfer-related relief, Plaintiff still fails to make the required showing.

Plaintiff has not demonstrated a likelihood of success on the merits of the claim proceeding in the operative Amended Complaint or shown that the requested injunctive relief is sufficiently related to that claim. The remaining claim concerns Defendant Burnett's alleged use of excessive force at FCI Edgefield on December 30, 2024, while Plaintiff's motions and objections seek relief concerning custodial supervision, SHU placement, administrative remedies, legal materials, and conditions involving facilities or persons not presently before the Court.

Nor has Plaintiff shown a likelihood of irreparable harm, that the balance of equities weighs in his favor, or that the requested injunction would serve the public interest. To the extent Plaintiff seeks placement on an ankle monitor, enrollment in an intensive supervision program, home confinement, or other alteration of the conditions of his federal custody, he cites no authority establishing that such relief is available through the motions filed in this civil action. Moreover, as the Magistrate Judge observed, Plaintiff is no longer housed at FCI Edgefield. Accordingly, Plaintiff's objections are overruled.

For these reasons, Plaintiff's Motion for Temporary Restraining Order (DE 28) and Motion for Preliminary Injunction (DE 29) are denied.

6

## V.    CONCLUSION

After a thorough review of the Report and Recommendation, the record in this case, and the applicable law, the Court finds that the Magistrate Judge properly analyzed the issues presented and correctly concluded that Plaintiff has failed to demonstrate entitlement to the extraordinary relief of a temporary restraining order or preliminary injunction. The Court has conducted a de novo review of those portions of the Report to which Plaintiff specifically objected and has reviewed the remainder of the Report for clear error. The Court finds no basis to reject the Magistrate Judge's reasoning or conclusions.

Accordingly, the Court ADOPTS the Report (DE 30) and incorporates it herein by reference. It is, therefore, ORDERED that Plaintiff's Motion for Temporary Restraining Order (DE 28) and Motion for Preliminary Injunction (DE 29) are DENIED.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 11, 2026

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.